UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID GOINGS III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-717 JD |
| | ) |
| GLORIA POTTER, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff David Goings III is a prisoner at Westville Correctional Facility in Indiana. He alleges that he was repeatedly raped by his cellmate, and that prison officials failed to protect him from or treat him for that abuse, despite his requests for help. He sued the State of Indiana, the prison's medical provider, two guards, and two medical personnel, asserting a variety of state and federal claims. The medical defendants (but not the State or the guards) moved for summary judgment, arguing that Mr. Goings failed to exhaust his administrative remedies. There is no dispute that Mr. Goings did not submit a grievance relating to the claims in this action, but the Court finds that there is a dispute of fact as to whether the administrative remedies were available to him. Accordingly, the Court denies the motion for summary judgment.

**I. FACTUAL BACKGROUND**

Mr. Goings alleges that, on October 30, 2015, his cellmate attacked and raped him. Mr. Goings was so injured and traumatized by the incident that he attempt suicide the next day. The prison kept him on suicide watch for the next several days. Mr. Goings alleges that he reported the attack to prison and medical staff during that time and sought protection, but that they ignored his requests for help. On November 5, Mr. Goings was placed back in the same unit where his attacker was housed. For the next six months, that individual raped him an average of

twice a week. Mr. Goings continued asking for protection over that time, to no avail. Finally, on April 27, 2016, Mr. Goings was moved to protective custody. At that time, he asked a doctor to examine him, test him for the possibility of sexually transmitted diseases from the attacks he suffered, and take him to the hospital for treatment. The doctor denied that request.

Mr. Goings did not file a grievance pursuant to the prison's internal grievance process as to these issues. However, he states in his affidavit that he repeatedly asked for protection and treatment from everybody who he thought could help him. No one believed him or offered to help, which he says led him to believe the internal grievance process would not have done anything for him, either. Mr. Goings also states that he spoke with an internal affairs officer near the end of April 2016 about the assaults and problems he was having. According to Mr. Goings, "she told me specifically that I could not file grievances about the assaults and problems I was having and that it was an internal affairs prison matter and not a grievance matter." [DE 22-1 ¶ 6].

Mr. Goings later filed this action, by counsel, asserting a variety of state and federal claims. Three of the defendants have moved for summary judgment on exhaustion, including Corizon (the prison's medical provider), Gloria Potter (a therapist), and Dr. Andrew Liaw. That motion is now ripe. After briefing closed, Mr. Goings also filed a motion for leave to file supplemental authority, citing a recent decision from the court of appeals. The defendants have not responded to that filing.

## II. STANDARD OF REVIEW

Summary judgment is proper when the movant shows that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with

respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).

### III. DISCUSSION

The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before bringing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The prisoner must strictly follow the specific procedures established in the prison's grievance policy to meet the exhaustion requirement. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). The caveat, however, is that the administrative remedies must in fact be "available." § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1858–60 (2016). As relevant here, an administrative remedy is unavailable to a prisoner if prison officials misrepresent the grievance procedures or otherwise prevent the prisoner from utilizing them. *Ross*, 136 S. Ct. at 1860 (stating that administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) (holding that administrative remedies were unavailable because a staff member told the prisoner that he could not file a grievance for the issue that gave rise to his complaint); *Pavey v.*

3

*Conley*, 663 F.3d 899, 906 (7th Cir. 2011) ("An administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it."); *Ashlock v. Myers*, No. 3:11-cv-204, 2012 WL 4017799, at *2 (N.D. Ind. Sept. 12, 2012). Exhaustion is an affirmative defense, and a defendant invoking that defense bears the burden of establishing both that the administrative remedies were available and that the prisoner failed to exhaust them. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

In moving for summary judgment, the defendants note that Westville has a grievance process, and that Mr. Goings did not file a grievance (much less pursue it through each stage of the grievance process) for the issues underlying his complaint. Thus, they argue that his claims should be dismissed for failure to exhaust his administrative remedies. There is no dispute that Mr. Goings did not actually file a grievance on these issues, so the only question is whether the administrative remedies were available to him.

Mr. Goings first argues that the administrative remedies were unavailable to him because he talked to various prison staff members about the sexual assaults he was suffering and asked for their help, but they did not believe him or offer to help. This, he says, led him to believe that nothing would be done to help him, which he argues makes the administrative remedies unavailable. This argument is a non-starter. The fact that these informal discussions with staff members failed to resolve his problem is exactly why he *should* have pursued the grievance process; it does not make the grievance process unavailable to him. Exhaustion is required even when a prisoner believes that exhaustion would be futile, so Mr. Goings' concern that officials would not believe or help him if he filed a grievance does not excuse his failure to exhaust.

*Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

Mr. Goings' second argument is more substantial, though, as he argues that an officer told him that he could not file a grievance for these issues. He states in his affidavit, "when an officer with internal affairs finally talked to me about the assault and problems I was having, she told me specifically that I could not file grievances about the assaults and problems I was having and that it was an internal affairs prison matter and not a grievance matter." [DE 22-1 ¶ 6]. A misrepresentation about whether an issue is grievable can make the remedy unavailable and excuse a prisoner's failure to pursue the grievance process. *Ross*, 136 S. Ct. at 1860; *Thomas*, 787 F.3d at 847–48; *Pavey*, 663 F.3d at 906. Thus, taking this statement as true—which the Court must do at summary judgment—the officer's misrepresentation that Mr. Goings could not file grievances about these issues could make the administrative remedies unavailable.

In response, the defendants first argue that the officer's statement to Mr. Goings is hearsay. It isn't. Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Mr. Goings does not offer the officer's statement to prove that it was true—that his issues could not actually be grieved. To the contrary, he agrees that it was false, and he offers it to show that she *mis*represented the availability of the grievance process. The statement is thus not hearsay.

The defendants also argue that Mr. Goings' affidavit is too vague, as it does not specify what other "problems" he discussed with the officer. They argue that it is thus unclear whether the officer was referring to the claims in this case about these defendants' failure to prevent or provide treatment for the assaults. True, Mr. Goings' affidavit was not as specific as it might have been (particularly since he is represented by counsel). However, the context of the

statement within the affidavit fairly supports a reading that Mr. Goings was referring to those issues. In the two immediately preceding paragraphs, Mr. Goings talks about how he "asked for protection and treatment from everybody with the State and Corizon" who he thought could help him, but that no one would. [DE 22-1 ¶¶ 4–5]. His statement in the next paragraph that the officer told him he could not file a grievance for "the assaults *and problems [he] was having*," *id.* ¶ 6 (emphasis added), can be fairly interpreted as referring to the failure to protect him from and treat him for the assaults. Though Mr. Goings may need to be more specific in order to prevail on this issue at a hearing, this statement suffices for summary judgment.

Accordingly, the Court finds that Mr. Goings has raised a genuine dispute of fact as to whether the grievance process was "available" to him, in light of the officer's alleged misrepresentation that Mr. Goings could not file grievances for these issues. Summary judgment is thus unwarranted.

## IV. CONCLUSION

For those reasons, the Court DENIES the motion for summary judgment on exhaustion. [DE 16]. The Court also GRANTS the unopposed motion for leave to file supplemental authority. [DE 27]. Unless the defendants elect to withdraw their exhaustion defense, it will be necessary to hold a hearing pursuant to *Pavey* to resolve that defense. The defendants are therefore ORDERED to file a notice within fourteen days of this Order advising the Court whether they elect to withdraw their exhaustion defense or proceed with a *Pavey* hearing.

SO ORDERED.

ENTERED:  April 6, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court